■ KENNETH MARCH et al., Appellants, v. RICHARD L. BONNESON et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of the defendants, entered June 11, 1974 in Columbia County, upon a decision of the court at a Trial Term, without a jury. The sole issue is whether or not the plaintiffs proved a cause of action for recision. The court did not render a formal written decision but instead made rulings upon the plaintiffs' proposed findings as to the facts and concluded that there was a failure to prove a cause of action. The issues in this case were factual and the record contains evidence supporting the findings and judgment of the trial court. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.

■ In the Matter of CATHERINE C. MCKENZIE, Petitioner, v. ARNOLD R. FISHER, as Commissioner of Motor Vehicles, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the Commissioner of Motor Vehicles which suspended petitioner's operator's license for a period of 90 days. On June 24, 1973, at about 12:15 A.M., petitioner was driving a Ford automobile in a northerly direction on Route 9 in the Town of North Hudson, Essex County. It was cloudy and dark and petitioner had her lights on. The highway in the area in question was straight, level and dry, with a single broken line separating the two lanes. Petitioner testified that she was traveling between 40 and 50 miles an hour in a 55-mile per hour speed zone; that when she was approximately 100 feet to the south, she noticed a dark object in the middle of the southbound lane; that when she was three or four-car lengths away, she observed that the object was a person standing in the center of the southbound lane, facing her; that when she was three-car lengths away, she saw that person start to jump in front of the car, and, immediately pushed the brake pedal " as hard as " she could. The female pedestrian was hit in the northbound lane with the left front fender of petitioner's vehicle. The record reveals also that petitioner had consumed one beer 20 minutes to half an hour prior thereto and a glass of punch around 11:00 P.M.. A male companion in the automobile was asleep and aroused by the application of brakes. The trooper who investigated the accident stated that he arrived at the scene about 12:30 A.M. and the pedestrian was dead; that from an examination of the 75-foot skid marks, he estimated petitioner was traveling at a minimum speed of 44 miles an hour; that petitioner was very rational and did not seem to be intoxicated; that no charges were placed against her; that the deceased had just left a bar after an argument and was on her way home; that there was blood in the northbound lane; and that an examination of the deceased's blood revealed a .32 blood alcohol reading. Respondent suspended petitioner's operator's license for 90 days for a violation of section 1154 of the Vehicle and Traffic Law. This record, in our view, does not sustain a finding of lack of due care on the part of petitioner to avoid colliding with the pedestrian (See Matter of Beadle v. Tofany, 36 A D 2d 985; Matter of Kilroy v. Tofany, 33 A D 2d 1092). Determination annulled, and petition granted, with costs. Greenblott, J. P., Sweeney, Main and Larkin, JJ., concur; Kane, J., dissents and votes to confirm in the following memorandum. Kane, J. (dissenting). In my view there is substantial evidence to support the commissioner's determination and I would, therefore, confirm.